FILED

FEB 20 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

1
2
3
4
5
6
7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  URBICIO GUTIERREZ,                    CASE NO. CV F 09-163 LJO DLB

12                    Plaintiff,          **ORDER ON DEFENDANT'S MOTION TO DISMISS** (Doc. 6)

13           vs.

14  OCWEN LOAN SERVICING, LLC and
    AZTEC FORECLOSURE CORP.,
15
                     Defendants.
16  _____/

17

18                          **INTRODUCTION**

19          Defendant Ocwen Loan Servicing, LLC ("Ocwen") moves to dismiss plaintiff Urbicio Gutierrez's

20  ("Mr. Gutierrez's") unfair debt collection and related real estate foreclosure claims as moot or lacking

21  sufficient facts for requested relief, pursuant to Fed. R. Civ. P. 12(b)(6). Mr. Gutierrez failed to oppose

22  Ocwen's motion. Having considered the moving papers, this Court GRANTS in part and DENIES in part

23  Ocwen's motion to dismiss and ORDERS Mr. Gutierrez to file an amended complaint **no later than**

24  **February 27, 2009.**

25                          **BACKGROUND**

26          Mr. Gutierrez's operative original complaint ("complaint") alleges that:

27          1.      Beginning on December 1, 2007, Ocwen continually harassed Mr. Gutierrez by

28                  "constantly calling during the day and evening, threatening foreclosure, and attempting

                                          1

1     to pressure and extort Mr. Gutierrez into making financial arrangements for the settlement

2     of past due  debts that are completely unfair and unacceptable."

3     2.    Mr. Gutierrez is a victim of "predatory lending," and has no understanding of, and did not

4     agreed to, the terms of the mortgage notes with respect to high interest rates, prepayment

5     penalties; high points, etc.;

6     3.    On September 10, 2008, a foreclosure trustee sale took place;

7     4.    Although Mr. Gutierrez's income was affected by a cutback in employment hours, he is

8     able to continue monthly payments on a modified monthly payment plan.  Mr. Gutierrez

9     and his family desire to stay in the home.

10    Mr. Gutierrez seeks the following relief:

11    1.    Mr. Gutierrez prays for the Court to mediate an acceptable forbearance and loan

12     modification agreement.

13    2.    Mr. Gutierrez seeks a declaration by this Court that the transfer of title through the

14     foreclosure trustee sale is null and void.

15    3.    Mr. Gutierrez prays for an order to reconvey title of the property to Mr. Gutierrez.

16    4.    Mr. Gutierrez seeks a temporary restraining order, a preliminary injunction, and

17     permanent injunction to enjoin all defendants "with regards to the unlawful trustee sale

18     action performed on 9/10/2008."

19    Mr. Gutierrez further seeks unspecified damages, costs, and attorney fees.

20     Pursuant to the judicially-noticeable records filed in support of the motion to dismiss, Ocwen

21    submits the following additional facts to be true.  On July 12, 2005, Mr. Gutierrez obtained a mortgage

22    loan secured by a deed of trust from First Metropolitan Lending Corporation.  The deed of trust provided

23    a security interest in a property located at 30588 Orange Street, Shafter, California 93263.  On December

24    27, 2009, Aztec filed a notice of default and election to sell under deed of trustee.  The trustee sale took

25    place on September 10, 20098.

26     Mr. Gutierrez initiated this action on September 28, 2008 in the State of California, County of

27    Fresno Superior Court.  Ocwen removed this action on January 26, 2009, and moved to dismiss the next

28    day.  Having consider the moving papers, this Court issues the following order.

2

1

2

## DISCUSSION

### Standard of Review

3      A motion to dismiss, pursuant to Fed R. Civ. P. 12(b)(6), is a challenge to the sufficiency of the
4 pleadings set forth in the complaint.   A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either
5 a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal
6 theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In resolving a Fed. R. Civ.
7 P. 12(b)(6) motion, the court must:  (1) construe the complaint in the light most favorable to the plaintiff;
8 (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any
9 set of facts to support a claim that would merit relief.   *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336,
10 337-338 (9th Cir. 1996).  A court need not permit an attempt to amend a complaint if "it determines that
11 the pleading could not possibly be cured by allegation of other facts."  *Cook, Perkiss and Liehe, Inc. v.*
12 *N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  "While a complaint attacked by a Rule
13 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide
14 the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic
15 recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955,
16 1964-65 (2007) (internal citations omitted).

17      "As a general rule, a district court may not consider any material beyond the pleadings in ruling
18 on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  This Court
19 is limited to assessing the legal sufficiency of allegations contained within four corners of complaint.
20 *Jojola v Chavez*, 55 F.3d 488 (10th Cir. 1995); *see also*, *Balisteri*, 901 F.2d at 699 (the Court only
21 considers those facts and allegations set forth in the complaint in Rule 12(b)(6) motion).  There are two
22 exceptions to the requirement that consideration of extrinsic evidence converts a motion to dismiss to a
23 summary judgment motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).   First,
24 judicially noticed facts may be considered on a motion to dismiss.  *Mullis v. United States Bankruptcy*
25 *Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).  Federal Rule of Evidence 201 allows for judicial notice to be
26 taken of facts that are "not subject to reasonable dispute" because it is "capable of accurate and ready
27 determination by resort to sources whose accuracy cannot reasonably be questioned."   This Court may
28 take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201. *MGIC Idem.*

3

1   *Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).  Second, a court may consider "material which is

2   properly submitted as part of the complaint." *Branch v. Tunnell*, 14 F.3d 449, 453 (9tn Cir. 1994),

3   *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  "If

4   the documents are not physically attached to the complaint, they may be considered if the documents'

5   authenticity...is not contested and the plaintiff's complaint necessarily relies on them." *Lee*, 250 F.3d at

6   688 (internal quotations and citations omitted).

7                   **Claims to Enjoin Non-Judicial Foreclosure**

8         Ocwen argues that the injunctive relief Mr. Gutierrez seeks to restrain and enjoin the foreclosure

9   sale is moot since the foreclosure sale already took place.  A non-judicial foreclosure under California

10  Civil Code sections 2924-2924i and Mr. Gutierrez's deed of trust took place on September 10, 2008.

11  Although Mr. Gutierrez alleges in his September 26, 2008 complaint that a foreclosure trustee sale took

12  place on September 10, 2008, he asks for all activity related to the trustee sale to be enjoined. Compl. ¶VI.

13  Mr. Gutierrez seeks a "temporary restraining order, a preliminary injunction, and a permanent injunction

14  enjoining defendants...with regards to the unlawful trustee sale." Compl. ¶IX.  Mr. Gutierrez prays for

15  an order "enjoining and restraining...the scheduled unlawful trustee sale...on 9/10/2008." *Id.*

16         An action becomes moot when it no longer presents a "case or controversy" under Article III of

17  the U.S. Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  "Mootness is a jurisdictional issue, and

18  federal courts have no jurisdiction to hear a case that is moot, that is, where no live controversy exists."

19  *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003).  "If there is no longer a possibility that [Mr.

20  Gutirrez] can obtain relief for his claim that claim is moot and must be dismissed for lack of

21  jurisdiction."*Ruvalcaba v. City of Los Angeles*, 167 F. 3d 514, 521 (9th Cir. 1999).

22         Here, any injunctive relief Mr. Gutierrez seeks related to the non-judicial foreclosure is moot.

23  There remains no effective relief this Court can offer Mr. Gutierrez on these claims, as the Court cannot

24  restrain or prevent an action that already occurred.  Accordingly, Mr. Gutierrez's injunctive relief claims

25  related to the non-judicial foreclosure are dismissed as moot. *Dan Caputo Co. v. Russian River County*

26  *Sanitation Dist.*, 749 F.2d 571 (9th Cir. 1984).

27  ///

28  ///

1

## Fair Debt Collection Practices Claim

2      Ocwen argues that Ocwen cannot be held liable under the Fair Debt Collections Practices Act
3 ("FDCPA") because it is not a "debt collector" within the meaning of the Act. "The term 'debt collector'
4 means any person who uses an instrumentality of interstate commerce or the mails in any business the
5 principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect,
6 directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6).
7 "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not
8 include...a mortgage servicing company." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).
9 Ocwen claims that it "is simply a mortgage servicer." However, this the allegation that Ocwen is a
10 mortgage servicer is neither alleged in the complaint nor supported as a judicially-noticeable fact.
11 Because this Court must construe all facts in a light most favorable to plaintiff in this Fed. R. Civ. P.
12 12(b)(6) motion, Ocwen's motion to dismiss this action is denied on these grounds.

13      Ocwen further argues that Mr. Gutierrez's complaint lacks sufficient allegations to state a FDCPA
14 claim. Ocwen asserts that Mr. Gutierrez's claim is based solely on a legal conclusion. Ocwen ignores
15 Mr. Gutierrez's allegations that defendants harassed him, threatened foreclosure and attempted to extort
16 him. These allegations implicate violations of 15 U.S.C. § 1692d and 15 U.S.C. § 1692f. Mr. Gutierrez's
17 allegations sufficiently include "a short plain statement of the claim showing that the pleader is entitled
18 to relief." Fed. R. Civ. P. 8. Accordingly, Ocwen's motion to dismiss the FDCPA claim is denied

19

## Unfair Business Practices Claim

20      Ocwen asserts that Mr. Gutierrez fails to state a claim pursuant to Cal. Bus. & Prof. Code §17200
21 ("UCL"). California's UCL prohibits "unfair competition," which it defines as: (1) unlawful, unfair, or
22 fraudulent business acts or practices; (2) unfair deceptive, untrue, or misleading advertising; and (3) any
23 act prohibited by Chapter 1 (false advertising). Cal. Bus. & Prof. Code §17200. The scope of California's
24 UCL is "sweeping, embracing anything that can properly be called a business practice and at the same
25 time is forbidden by law." *Rubin v. Green*, 4 Cal.4th 1187, 1200 (1993) (quoted in *Cal-Tech Comm. v.*
26 *L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999)). A practice may be deemed "unfair even if not
27 specifically proscribed by some other law" provided that "unfair" business practice claim is "tethered to
28 some legislatively declared policy or proof of some actual or threatened impact on competition." *Id.* at

1  166-87. The UCL was enacted "for the protection of *competition*, not *competitors*." *Cal-Tech*, 20 Cal.

2  4th at 186 (quoting *Cargill, Inc. v. Monfort of Colorado, Inc.*, 479 U.S. 104, 115 (1986) (italics in

3  original)). No allegation suggests that Ocwen engaged in a business practice that impacted competition.

4  Accordingly, this claim is dismissed.

5  **Predatory Lending Claim**

6  Among other things, Ocwen argues that it cannot be held liable on Mr. Gutierrez's predatory

7  lending claim, because Ocwen did not enter into the initial loan with Mr. Gutierrez. Mr. Gutierrez

8  entered into the mortgage with First Metropolitan Lending Corporation. Mr. Gutierrez does not allege

9  that Ocwen was involved with the transaction that forms the basis of his predatory lending claim.

10  Accordingly, Mr. Gutierrez fails to state a claim against Ocwen for predatory lending.

11  **CONCLUSION AND ORDER**

12  For the reasons discussed above, this Court:

13  1.   DISMISSES with prejudice Mr. Gutierrez's claims for injunctive relief;

14  2.   DISMISSES without prejudice Mr. Gutierrez's claims for unfair competition and

15       predatory lending;

16  3.   ORDERS Mr. Gutierrez, **no later than February 27, 2009,** to file and serve: (a) a first

17       amended complaint to comply with federal pleading requirements and this Court's order;

18       or (b) a statement that he abandons his claims. If the first amended complaint is either

19       filed untimely or lacks a cognizable claim and/or sufficient facts for requested relief, this

20       Court will dismiss this action without prejudice on March 3, 2009; and

21  4.   VACATES the March 2, 2009 hearing on this motion.

25  IT IS SO ORDERED.   2/20/09

Honorable Lawrence J. O'Neill
United States District Judge

6